UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK BONARRIGO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | No. 3:11-cv-03555-M |
| PROSPERITY BANK, § | |
| § | |
| Defendant. § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant Prosperity Bank [Docket Entry #8]. For the reasons stated below, the Motion is **GRANTED**.

### I. BACKGROUND

On July 27, 2011, Plaintiff withdrew $20.00 from an automated teller machine ("ATM"), located at 2424 Belt Line Road in Mesquite, Texas, and operated by Prosperity Bank ("Defendant"). The transaction included a $2.00 fee, because Plaintiff did not hold an account with Defendant. Following the completed transaction, Plaintiff received a receipt from the ATM, documenting the withdrawal and the fee. (Pl.'s Am. Compl. Ex. 1, at 3.) Plaintiff found no external notice at or near the ATM, warning that a $2.00 fee would be charged to non-account holders. Plaintiff took five photographs of the ATM he purportedly used on July 27, 2011. (Pl.'s Am. Compl. Ex. 1, at 1–2, 4–6.) The photographs depict an ATM without notice that a fee may be charged to non-account holders.

On June 30, 2011, prior to Plaintiff's transaction, Defendant's external auditor completed an audit of the ATM, finding notice present on the ATM. (Def.'s Mot. Summ. J., Ex. B.) On

August 25, 2011, a lobby manager at Defendant's banking center inspected the ATM and found notice present on the ATM. (Def.'s Mot. Summ. J., Exs. A, C.) On October 5, 2011, a lobby manager at Defendant's banking center inspected the ATM and found the notice was missing. (Def.'s Mot. Summ. J., Ex. D.) Upon finding the notice was missing, the lobby manager contacted Defendant's compliance department, requesting a replacement notice and noting that it appeared someone had ripped the notice off of the machine. (*Id.*)

On October 4, 2011, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Texas, alleging that Defendant violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), by not properly posting notice of the fee on the outside of its ATM. On October 24, 2011, Plaintiff filed an Amended Complaint. On December 5, 2011, Defendant moved to dismiss Plaintiff's claims for failure to state a claim upon which relief could be granted, and, in the alternative, requested that the Court convert the Motion to Dismiss to a Motion for Summary Judgment.[1] Plaintiff did not respond to Defendant's Motion to Dismiss. On April 4, 2012, the Court notified the parties of its intent to convert Defendant's Motion to Dismiss to a Motion for Summary Judgment and provided Plaintiff twenty-one days to file a response to Defendant's Motion for Summary Judgment. Plaintiff did not respond.

## II. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a reasonable jury could return a verdict for the non-moving party, then there is a genuine dispute of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The

---

[1] The case was subsequently transferred to the Northern District of Texas, Dallas Division, on December 22, 2011.

moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250; *Fields v. City of S. Houston, Tex.*, 922 F.2d 1183, 1187 (5th Cir. 1991). In determining whether a genuine dispute of material fact exists, "factual controversies are construed in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625 (citation omitted).

### III. ANALYSIS

A.  Violation of the EFTA

Pursuant to the EFTA, any entity that operates an ATM is required to provide notice that an additional fee will be charged if the operator "is not the financial institution that holds the account of such consumer from which the transfer is made." 15 U.S.C. § 1693b(d)(3)(D)(i)(II). The notice must include the amount of the fee, and be placed "in a prominent and conspicuous location or at [the ATM] at which the electronic fund transfer is initiated by the consumer." 15 U.S.C. § 1693b(d)(3). Plaintiff alleges that Defendant violated 15 U.S.C. § 1693(b) of the EFTA by charging an ATM fee, without posting proper notice. Defendant asserts that an EFTA-compliant fee notice sticker was on the ATM at issue on the date of Plaintiff's transaction, and presents proof that an audit conducted on June 30, 2011, and an inspection on August 25, 2011, confirmed that the notice was in place on the subject ATM. (Def.'s Mot. Summ. J. Exs. B, C.) The Court finds the six photographs attached by Plaintiff to the Complaint are insufficient to

support his claim. Five of the photographs of an ATM without notice are undated and do not describe the location or identity of the operator of the ATM. (Pl.'s Am. Compl. Ex. 1, at 1–2, 4–6.) While Plaintiff attached a receipt that documents a transaction at Prosperity Bank on July 27, 2011, that includes a $2.00 fee, (Pl.'s Am. Compl. Ex. 1, at 3), there is no proof that the receipt originated from the ATM in the photographs. Plaintiff also provides no evidence that the account number on the receipt is for his account. Viewing the record in the light most favorable to the Plaintiff, the Court concludes that no reasonable jury could find, on the evidence presented, that Defendant violated the EFTA.

Even assuming no notice on the ATM was posted when Plaintiff used it, Defendant argues the applicability of section 1693h(d) of the EFTA, which exempts an operator from liability when a posted notice is later "removed, damaged, or altered by any person other than the operator." 15 U.S.C. § 1693h(d) (Def.'s Mot. Summ. J. ¶¶ 9–10.) Defendant presents evidence that notice was present on June 30, 2011 and August 25, 2011. Plaintiff presented no evidence to rebut proof of exemption from liability under 15 U.S.C. § 1693h(d). Accordingly, Defendant is entitled to summary judgment for this alternative reason.

B. Attorneys' Fees and Costs

Defendant requests the Court to award attorneys' fees and costs, pursuant to section 1693m(f) of the EFTA, which provides for such an award upon "a finding by the court that an unsuccessful action under this section was brought in bad faith or for the purposes of harassment . . . ." 15 U.S.C. § 1693m(f). Plaintiff filed his Amended Complaint even after Peter Fisher, General Counsel for the Defendant, sent him a letter explaining Defendant's compliance with the EFTA, and the exemption under the statute for notices that have been removed, damaged, or altered by someone other than the operator of the ATM. (Def.'s Mot. Summ. J. Ex. A, at 3.)

Had Plaintiff properly investigated his claims, he would have found them to be without legal or factual support.  The Court finds that Plaintiff failed to conduct an appropriate investigation into the facts surrounding his claims prior to filing this lawsuit, and that this action was brought in bad faith and/or for the purposes of harassment.  Accordingly, Defendant is entitled to attorneys' fees and costs.  Defendant is directed to file its application for attorneys' fees and costs by **July 27, 2012**.

## IV.   CONCLUSION

For the reasons stated above, Defendant is entitled to summary judgment as to all of Plaintiff's claims.

**SO ORDERED**.

July 11, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**